UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RYAN JASON WALL,<br><br>Defendant - Appellant. | No. 07-10352<br>D.C. No. CR-07-00025-FMT<br>District of Guam, Agana<br><br>**MANDATE** |

**FILED**
DISTRICT COURT OF GUAM

JUN 0 2 2008

JEANNE G. QUINATA
Clerk of Court

The judgment of this Court, entered 05/06/2008, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

/S/

By: Theresa Benitez
Deputy Clerk

07-10352



USDC, Agana
District of Guam (Hagatna)
520 West Soledad Avenue
Hagatna, GU 96910-0000



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>RYAN JASON WALL,<br><br>    Defendant - Appellant. | No. 07-10352<br><br>D.C. No. CR-07-00025-FMT<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Francis Tydingco-Gatewood, District Judge, Presiding

Argued and Submitted April 15, 2008
San Francisco, California

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

Ryan Jason Wall appeals the district court's denial of his motion to suppress. Wall moved to suppress methamphetamine found in a DHL parcel which had been intercepted by the Guam Drug Enforcement Agency, on the ground that the affidavit supporting the application for the search warrant was not supported by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

probable cause. The district court denied the motion, and Wall entered a conditional plea of guilty to conspiracy to distribute methamphetamine and attempted possession of methamphetamine with intent to distribute.

We hold that the information in the affidavit is insufficient to support a finding of probable cause and thus reverse. However, we remand for the district court's consideration in the first instance of whether the seizure was authorized under 5 Guam Code Ann. § 73102(2) or under the good faith exception to the warrant requirement. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

Probable cause exists when "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238-39 (1983). We review the issuance of a search warrant by a magistrate judge for clear error, to determine whether the magistrate had a "substantial basis for concluding that probable cause existed." Id. at 239 (internal quotation marks and alteration omitted). Like the district court, we are "limited to the information and circumstances contained within the four corners of the underlying affidavit."

2

United States v. Stanert, 762 F.2d 775, 778 (9th Cir. 1985), amended on other grounds, 769 F.2d 1410 (9th Cir. 1985). The affidavit supporting the warrant application contained two sources of information to establish probable cause: a confidential informant, and conclusions drawn by customs officers after x-raying the package. Under the circumstances, this information is insufficient to sustain a finding of probable cause.

A

To determine whether an informant's tip is sufficient to support a finding of probable cause, a court must use a "totality-of-the-circumstances approach" that takes into consideration the informant's "veracity" or "reliability" and his "basis of knowledge." Gates, 462 U.S. at 238. We have identified several factors to which a court should look to determine the reliability of an informant's tip. See United States v. Rowland, 464 F.3d 899, 907-08 (9th Cir. 2006). These factors include: whether the informant is known or anonymous, whether the informant has a proven track record of reliability, the informant's basis of knowledge, and whether the informant "provides detailed predictive information about future events that is corroborated by police observation." Id.

Weighing all of the factors, under a totality of the circumstances analysis, we conclude that the confidential informant's tip should have been given little

3

weight. Although the confidential informant met in person with a Drug Enforcement Agency (DEA) agent, the informant had no track record of reliability, did not reveal her/his[1] basis of knowledge, and did not provide any predictive information about future events. DEA agents verified only "innocent" information, which was just as consistent with legal activity as it was with the illegal activity the informant alleged. "[M]ere confirmation of innocent static details is insufficient to support an anonymous tip." United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1993).

B

The only additional information in the affidavit that could support a finding of probable cause is the handwritten notation that agents "determined the contents were organic in nature and through their training and experience consistant [sic] with contraband." The affidavit does not explain the meaning of the term "organic in nature," nor does it offer any explanation as to what made the contents consistent with contraband. Indeed, the tip indicated that the package would contain methamphetamine, a synthetic compound–not an organic product. Therefore, the fact that the package contained organic product detracted, rather than added, to the indicia of contraband.

---

[1] The gender of the confidential informant was never revealed.

4

Such unsubstantiated conclusions are insufficient to establish probable cause. See, e.g., United States v. Clark, 31 F.3d 831, 834-35 (9th Cir. 1994) (finding no probable cause based on an anonymous tip that Clark was growing marijuana, coupled with a detailed account of Clark's monthly electrical consumption and the conclusory statements that the electricity use was unusually high and that marijuana cultivators often consume excessive quantities of electricity to provide light and heat to the plants).

Because an uncorroborated tip, coupled with an unsupported conclusion that the contents of a package are "consistent with contraband," does not establish "a fair probability that contraband or evidence of a crime will be found in a particular place," Gates, 462 U.S. at 239, the supporting affidavit did not provide a "substantial basis for concluding that probable cause existed," id., and the magistrate judge erred in issuing the search warrant.

## II

The government argues that the seizure was valid because Guam Customs Officers were statutorily authorized, under 5 Guam Code Ann. § 73102(2) ("the Guam Statute"), to seize the contents of the DHL package. We recently held, in Rowland, that "Guam Customs officers are statutorily authorized [under the Guam Statute] to arrest persons and seize methamphetamine 'imported into Guam,'" 464

5

F.3d at 904, and that contraband brought into Guam from another part of the United States is "imported into Guam" for the purposes of the Guam Statute, id. at 907. In denying Wall's motion to suppress, the district court did not address the Guam Statute because it based its decision on other grounds. Both parties presented arguments to us as to the application of the Guam Statute under the circumstances presented by this case. However, the record is not sufficiently developed for us to make that determination as a matter of law, and we would prefer to review that issue on the basis of a fully developed record, coupled with the district court's analysis of the issue.

III

The district court appeared to conclude that the seizure was justified under the good faith exception to the warrant requirement described in United States v. Leon, 468 U.S. 897 (1984). The government did not raise this defense either before the district court or before us,[2] and the district court order does not appear to

---

[2] The government did cite Leon to the district court, but only in the context of making an anticipatory argument that a Franks hearing on the question of whether the warrant was procured by intentional or reckless misrepresentations was not required. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). However, Wall did not request a Franks hearing.

6

contain specific factual findings that would underlie the conclusion that the <u>Leon</u> good faith exception would apply.[3]

At oral argument, both parties indicated that if the <u>Leon</u> good faith exception were at issue, they would prefer to develop the factual record and present arguments to the district court in the first instance. Therefore, we conclude that a remand is required to allow the parties to present evidence and arguments on this question, and to allow the district court to make findings and conclusions based on a fully-developed record.

## IV

For these reasons, we vacate the order of the district court and remand the case to the district court for its consideration in the first instance based on a full record of the applicability of the Guam Statute and the <u>Leon</u> good faith exception to the warrant requirement.

**VACATED and REMANDED.**

---

[3] Given the district court's conclusion, however, we do not consider the issue waived by the government.